THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING
TO FEDERAL AND/OR LOCAL RULES AND PRACTICES
AND IS SUBJECT TO REJECTION BY THE COURT.

REFERENCE CIVLL 5,4,71(a)(1)
(Rule Number/Section)

___✓ FILED        ___ LODGED
___ RECEIVED  ___ COPY

MAR 0 7 2024

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Sleep Number Corporation | Case No. 23-cv-02376-SMB |
| v. | **DEFENDANT**<br>**Omri Shalom's**<br>**ANSWER** |
| Omri Shalom, et al. | |

Defendant pro se, Omri Shalom, pleads as follows in response to the Complaint:

Plaintiff's Complaint is preceded by a narrative preamble making various inflammatory allegations concerning the history of the domain name beds.com. The Plaintiff apparently believes that anyone who acquires property, such as at real estate foreclosure auctions, in the hope of obtaining a bargain for resale is a thief.  Clearly the Plaintiff is unfamiliar with ordinary auctions conducted in trades as diverse as horses, cars, real estate (including even $3.5 million dollar houses), and domain names.

Plaintiff has already attempted to arbitrate these claims and been found to have engaged in abuse of process as a result.  The Defendant was found in arbitration to have been a purchaser in good faith from an ICANN accredited registrar and dealer in domain names. The Plaintiff was found in arbitration to have engaged in bad faith in its spurious claim of trademark rights in a generic word domain

name "beds.com" which the Plaintiff knows it had not used for any purpose - let alone as a trade or service mark - for years before bringing this dispute.  The Plaintiff is also fully aware, despite having an obligation as a public company to report cybersecurity incidents, that it took no action for years after apparently transferring this domain name away, allowing it to be publicly and prominently advertised for sale for more than a year, thus allowing the Defendant to purchase it.

Prior to purchasing the domain name, the Defendant solicited and obtained the opinion of an expert broker in domain names concerning the history of the domain name.  Furthermore, the Defendant specifically contacted Plaintiff via Plaintiff's website to inquire whether the Plaintiff maintained any interest in the domain name.  The Defendant was informed by the Plaintiff it did not.

The Plaintiff knows it abandoned use of the domain name many years ago, which is why the Complaint's attempts at alleging any sort of trademark do not include any claims of use after more than seven years ago.  As with its frivolously claimed "trademark" in "beds.com", Plaintiff has likewise presented no evidence of its claims of theft.  But even if the name was allowed to be transferred by, for example, a rogue employee of the Plaintiff, the Plaintiff's breach of its duty to supervise its employees and respond to cybersecurity incidents will have caused significant harm to the Defendant, who is an innocent purchaser in good faith of an asset which was represented by an expert in the field as having good title.

**ANSWER TO THE COMPLAINT:**

1. Admit

2. Defendant admits to be Omri Shalom, a UK resident and citizen who is identified as the Registrant of the domain name.  Defendant admits to be  the sole proprietor of a UK LLC which further identified the Defendant in the domain registration data. Any other factual allegation of Paragraph 2 is denied.

3.  Defendant is without information sufficient to form a belief as to the allegations of paragraph 3, and accordingly denies the allegations.

4.  Paragraph 4 states legal conclusions and does not require a response.  To the extent that paragraph 4 contains any factual contentions, they are denied.

5. Paragraph 5 states legal conclusions and does not require a response.  To the extent that paragraph 5 contains any factual contentions, they are denied.

6. Paragraph 6 states legal conclusions and does not require a response.  To the extent that paragraph 6 contains any factual contentions, they are denied.

7.  Admit.

8. Admit.

9.  Paragraph 9 states legal conclusions and does not require a response.  To the extent that paragraph 9 contains any factual contentions, they are denied.

10. Paragraph 10 states legal conclusions and does not require a response.  To the extent that paragraph 10 contains any factual contentions, they are denied.

11. Defendant admits to maintain registration of beds.com through Namecheap. The Namecheap registration agreement speaks for itself. Defendant is without information sufficient to form a belief as to the remaining allegations of paragraph 10, and accordingly denies the allegations.

12. Defendant is without information sufficient to form a belief as to the allegations of paragraph 12, and accordingly denies the allegations.

13. Paragraph 13 states legal conclusions and does not require a response.  To the extent that paragraph 13 contains any factual contentions, they are denied.

14. Defendant is without information sufficient to form a belief as to the allegations of paragraph 3, and accordingly denies the allegations.

15. Defendant admits Plaintiff is a public corporation with applicable duties applying to Plaintiff arising from such status.  Defendant is without information sufficient to form a belief as to the remaining allegations of paragraph 15, and accordingly denies the allegations.

16. Defendant is without information sufficient to form a belief as to the allegations of paragraph 16, and accordingly denies the allegations.

17. Defendant admits the Plaintiff abandoned use of the domain name beds.com shortly after the images shown in Paragraph 17. Defendant is without information sufficient to form a belief as to the remaining allegations of paragraph 17, and accordingly denies the allegations.

18. Defendant is without information sufficient to form a belief as to the allegations of paragraph 18, and accordingly denies the allegations.

19. Defendant is without information sufficient to form a belief as to the allegations of paragraph 19, and accordingly denies the allegations.

20. Denied.

21. Denied.

22. Defendant is without information sufficient to form a belief as to the allegations of paragraph 22, and accordingly denies the allegations.

23. Defendant is without information sufficient to form a belief as to the allegations of paragraph 23, and accordingly denies the allegations.

24. Denied.

25. Denied.

26. **Defendant admits Plaintiff abandoned use of "beds.com" as a domain name or trademark.** Defendant is without information sufficient to form a belief as to the remaining allegations of paragraph 26, and accordingly denies the allegations.

27. Defendant is without information sufficient to form a belief as to the allegations of paragraph 27, and accordingly denies the allegations.

28. Defendant is without information sufficient to form a belief as to the allegations of paragraph 28, and accordingly denies the allegations.

29. Defendant is without information sufficient to form a belief as to the allegations of paragraph 3, and accordingly denies the allegations.

30. Defendant is without information sufficient to form a belief as to the allegations of paragraph 3, and accordingly denies the allegations.

31. **Defendant admits Plaintiff had abandoned use of "beds.com" as a domain name or trademark,** and that Defendant did not exercise diligence in pursuing any claim relating to the domain name. Defendant is without information sufficient to form a belief as to the allegations of paragraph 31, and accordingly denies the allegations.

32. Defendant is without information sufficient to form a belief as to the allegations of paragraph 32, and accordingly denies the allegations.

33. Defendant admits Plaintiff filed the referenced UDRP arbitration. Paragraph 13 further states legal conclusions which not require a response, and any other factual contentions are denied.

34. Defendant's UDRP response speaks for itself. To the extent that paragraph 34 contains any other factual contentions, they are denied.

35. Defendant's UDRP response speaks for itself. To the extent that paragraph 35 contains any other factual contentions, they are denied.

36. Defendant admits purchasing the domain name at a publicly-advertised auction by an accredited registrar and dealer in domain names, and subsequently listing it for sale. Defendant denies engaging in any "back-channel" auction and any other factual contentions of Paragraph 36.

37. Defendant admits bidding on the domain name at a publicly-advertised auction by an accredited registrar and dealer in domain names, and subsequently listing it for sale. Defendant denies any other factual contentions of Paragraph 37.

38. Defendant is without information sufficient to form a belief as to the allegations of paragraph 38, and accordingly denies the allegations.

39. Defendant's correspondence with a domain broker speaks for itself. Paragraph 39 further states legal conclusions which not require a response, and any other factual contentions are denied.

40. Denied.

41. Denied.

42. Denied.

43. Admit.

44. Denied.

45. Defendant admits the UDRP Proceeding resulted in a finding of abuse of process against Plaintiff. Paragraph 45 further states legal conclusions which not require a response, and any other factual contentions are denied.

46. Paragraph 46 states legal conclusions and does not require a response. To the extent that paragraph 46 contains any factual contentions, they are denied.

47. N/A

48. Defendant admits it is the registrant of the domain name. Any other factual contentions are denied.

49. Denied.

50. Denied.

8

51. N/A

52.  Defendant admits it is the registrant of the domain name. Any other factual contentions are denied.

53. Denied.

54. N/A

55. Denied.

56. Defendant admits having prevailed in the UDRP dispute in which Plaintiff was found to have engaged in abuse of process.  Any other factual contentions are denied.

57.  Admit.

58.  Paragraph 58 states legal conclusions and does not require a response.  To the extent that paragraph 58 contains any factual contentions, they are denied.

59. Denied.

60. N/A

61. Denied.

62. Defendant is without information sufficient to form a belief as to the allegations of paragraph 62, and accordingly denies the allegations.

63. Denied.

64. Defendant admits it is the registrant of the domain name. Any other factual contentions are denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. N/A

71. Denied.

72. Defendant is without information sufficient to form a belief as to the allegations of paragraph 3, and accordingly denies the allegations.

73. Denied.

74. Denied.

75. Denied.

76. The Namecheap registration agreement speaks for itself. Paragraph 76 further states legal conclusions which not require a response, and any other factual contentions are denied.

77. Denied

## GENERAL DENIAL

Defendant expressly denies all factual allegations contained in the Complaint except as to those matters specifically admitted herein.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State Claim)

The Complaint and each cause of action set forth therein fails to state any claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Preservation of and Right to Raise Defenses)

Defendant expressly preserve any and all other defenses which they may have and reserve the right to raise additional defenses as the same may be subsequently revealed through discovery.

## THIRD AFFIRMATIVE DEFENSE

(Unclean Hands)

Plaintiff has engaged in abuse of process in its pursuit of Defendant, a bona fide purchaser for value from an accredited registrar and dealer in domain names. As noted in the UDRP decision: "While Respondent has not explicitly requested the Panel to make a finding of Reverse Domain Name Hijacking ("RDNH"), this Panel is entitled to consider whether the Complaint was brought in bad faith within the meaning of Paragraph 15(e) of the Rules, thereby constituting RDNH. RDNH is defined under the Rules to mean using UDRP in bad faith to attempt to deprive a registered domain name holder of the disputed domain name.

[...]

This Panel makes a finding of RDNH against Complainant. Not only did Complainant fail to establish any of the three elements, it is clear that Complainant made a speculative case at best **by first alleging theft of the disputed domain name by Respondent without supporting evidence pointing to the role of Respondent in the alleged theft, and then after seeing Respondent's response, essentially changing its arguments** to say while Respondent might not have stolen the disputed domain name, Respondent should have known about the theft because of the low price, etc."

**Fourth Affirmative Defense**

(Bona Fide Purchaser)

Defendant purchased the domain name for value from an ICANN accredited registrar and dealer in domain names. Prior to purchase of the domain name, the Defendant solicited and obtained the opinion of an expert broker

12

1    concerning ownership of the domain name.  The UDRP panel of three experts

2    found,

3    "Conversely, Respondent has provided evidence of his negotiations history and

4    purchase of the <beds.com> domain name from Sedo.com, an ICANN

5    accredited registrar and domain marketplace. Respondent provided evidence

6    showing that Sedo.com publicly advertised that the <beds.com> domain name

7    would be sold at an auction. In its unsolicited additional submissions,

8    Complainant contended that Respondent bought the <beds.com> domain name

9    knowing or being willfully blind to the fact that it was stolen from

10    Complainant. The Panel is not persuaded by such submissions. Respondent's

11    evidence on the negotiations history, combined with the fact that the disputed

12    domain name is inherently descriptive, suggest that the purchase was

13    conducted at arms-length and the Panel finds no reason to find otherwise.

14    [...]

15    Given the Panel's findings in the second element, that **Respondent has**

16    **provided credible evidence showing that it is a bona fide purchaser** of the

17    <beds.com> domain name and in the absence of any evidence to the contrary,

18    the Panel is satisfied that Complainant has failed to establish that the disputed

19    domain name has been registered and is being used in bad faith."

20

21                          **Fifth Affirmative Defense**

22                                (Consent)

23    Prior to purchasing the domain name, Defendant specifically contacted the

24    Plaintiff via Plaintiff's website to inquire whether Plaintiff maintained an

25    interest in the domain name, and Plaintiff admitted to Defendant it did not.

26

27

28

1

**Sixth Affirmative Defense**

2

(Failure to Join Necessary Parties)

3   Plaintiff is aware that its claims arise from the actions of Parties which Plaintiff

4   has not joined in this Action, including the auction house Sedo.com and the

5   broker known to Plaintiff who provided an expert opinion to Defendant

6   concerning the domain name's history, and in whose absence the Court cannot

7   award complete relief.  Defendant reserves the right to join such Parties as may

8   be primarily liable to Plaintiff.

9

10   **WHEREFORE**, Defendant Omri Shalom prays for judgment as follows:

11

12   A. Dismissal of Plaintiff's Complaint against Defendant, with prejudice;

13   B. In the alternative, an order (a) requiring joinder of all necessary parties to this

14   Action, (b) permitting the pro se Defendant to subpoena relevant information

15   relating to Plaintiff's claims from such third parties, and (c) judgment against such

16   parties who may be liable to Defendant arising from the allegations of the Plaintiff

17   D.  Such other relief that the Court deems just and proper.

18

19   DATED: February 26, 2024.

20

21   Defendant pro se

22

23

24   Omri Shalom

25
            Address: Omri Shalom, Silver Scope Media, King Arthurs Court,
26          Maidstone Road, Charing, Ashford, Kent, England, TN27 0JS
            Email: omri5110@yahoo.com / Telephone: 07795 260 191
27

28

14

1

2

3

**CERTIFICATE OF SERVICE**

4

5

I certify this answer has been served on the plaintiff by international post to

6

Ben Wagner at 11682 El Camino Real, Suite 400, San Diego, CA 92130, with

7

a copy by email to Ben.Wagner@troutman.com

8

9

DATED: February 26, 2024.

10

11

Defendant pro se

12

13

14

_____

Omri Shalom

15

16

17

18

19

20

21

22

23

24

25

26

27

28



To: UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA - CASE 2:23-CV-02376-SMB

SANDRA DAY O'CONNOR U.S COURTHOUSE, SUITE 130

401 WEST WASHINGTON STREET, SPC 1

Postcode: PHOENIX, AZ 85003-2118

USA

RECEIVED

MAR 07 2024

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA